PEOPLE ex rel. HORSEY v. GANLY, County Clerk. (No. 7660.)

(Supreme Court, Appellate Division, First Department. July 9, 1915.)

NOTARIES ☞4—FILING OF SIGNATURE—MODE.

Under Executive Law (Consol. Laws, c. 18) § 102, declaring that a notary public appointed for one county may, upon filing in the clerk's office in any other county of the state his autograph signature and a certificate of the county clerk of the county for which he was appointed, setting forth the fact of appointment and qualification, and paying to such county clerk where the certificate and signature are filed a fee, exercise all functions of his office in a second county, a notary, desiring to act in the second county, cannot be required by the clerk of such county to personally appear at the office of the clerk and enter his signature in a book kept for that purpose, and it is sufficient if he send his autograph signature upon a certificate of the clerk of the county in which his signature was filed, setting forth the fact of his appointment and qualification and that the signature was genuine.

[Ed. Note.—For other cases, see Notaries, Cent. Dig. §§ 12, 13; Dec. Dig. ☞4.]

Appeal from Bronx County Court.

Application by the People, on the relation of Outerbridge Horsey, for a writ of mandamus against James V. Ganly, as Clerk of the County of Bronx. From an order denying the motion for peremptory writ, relator appeals. Order reversed, and motion granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Outerbridge Horsey, of New York City, in pro. per.
John Kadel, of New York City, for respondent.

DOWLING, J. The relator, having been duly appointed a notary public for New York county by the Governor, qualified as such by filing the certificate of his appointment in the office of the clerk of the county of New York and by complying with the other requirements of law in respect thereto. On April 9, 1915, he forwarded to the clerk

of the county of Bronx, through the post office, his autograph signature upon a certificate of the clerk of the county of New York, which certificate set forth the fact of his appointment and qualification as notary public, and that said clerk was well acquainted with the handwriting of such notary public and verily believed that the signature thereupon written was genuine. This certificate was duly signed and sealed by the clerk of the county of New York. Accompanying the certificate the relator sent the sum of $1 in currency, and requested in writing the said clerk of the county of Bronx to file such autograph signature and certificate in his office, which said clerk refused to do, returning the paper to the relator with a letter stating that it would be necessary for him to personally appear at the office of the said clerk and enter his signature in a book kept for that purpose. On April 13, 1915, the relator reforwarded the papers, together with the fee, to said clerk, who again returned the same and refused to file said certificate, requiring the relator to personally appear at his office and enter his signature in a book kept for that purpose.

No papers were submitted in opposition to the motion, so that the necessity for such a regulation as the county clerk has made does not appear; nor does said county clerk dispute the fact that the signature of the relator appearing upon the face of the certificate of the clerk of the county of New York is his genuine signature. I do not believe that the county clerk had the right to require the personal attendance of the relator, in the absence of any valid reason assigned therefor. Section 102 of the Executive Law reads as follows:

"Sec. 102. Notary Public Acting in More Than One County. A notary public appointed for any of the counties of the state, upon filing in the clerk's office in any other county of the state his autograph signature and a certificate of the county clerk of the county for which he was appointed, setting forth the fact of his appointment and qualification as such notary public, and paying to said county clerk, where said signature and certificate are filed, a fee of one dollar, may exercise all the functions of his office, in the county in which such autograph signature and certificate are filed with the same effect in all respects as if the same were exercised in the county in which he resides and for which he was appointed. The county clerk of a county in whose office any notary public has so filed his autograph signature and such certificate, shall, when so requested, subjoin to any certificate of proof or acknowledgment signed by such notary, a certificate under his hand, and seal, stating that such notary public has filed a certificate of his appointment and qualifications with his autograph signature in his office, and was at the time of the taking such proof or acknowledgment duly authorized to take the same; that he is well acquainted with the handwriting of such notary public and believes that the signature to such proof or acknowledgment is is genuine, and thereupon the instrument so proved or acknowledged and certified shall be entitled to be read in evidence or to be recorded in any of the counties of this state in respect to which a certificate of a county clerk may be necessary for either purpose."

The relator has complied with the requirements of this section, and in the absence of any valid reason requiring his personal appearance before the clerk of the county of Bronx we think he was entitled to have his papers filed in the latter's office.

The order appealed from will therefore be reversed, and the motion for a peremptory writ of mandamus granted. Order filed. All concur.